UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINIAN AUTHORITY, et al., <br><br> Defendants. | No. : 3:05-mc-80121 |

**PLAINTIFFS' AND DEFENDANTS' CONSENT MOTION
TO VACATE REGISTERED JUDGMENT**

The Plaintiffs and the Defendants hereby jointly move to vacate the judgment that was registered in this Court on September 2, 2010 pursuant to 28 U.S.C. § 1963, which judgment was originally entered by the United States District Court for the District of Rhode Island on July 13, 2004.  In support of their motion Plaintiffs and Defendants state as follows:

1. On July 13, 2004, the United States District Court for the District of Rhode Island entered a final judgment in favor of the Plaintiffs and against the Defendants in the matter of *Ungar v. Palestinian Authority, et al.*, Civ. No. 00-105L (D.R.I.) ("Rhode Island Judgment").

2. On May 6, 2005, the Plaintiffs registered the Rhode Island Judgment in this Court pursuant to 28 U.S.C. § 1963 under the caption and case number above.

3. On February 14, 2011, the Rhode Island federal court entered an order, at the request of the Plaintiffs and Defendants, vacating the Rhode Island Judgment.  Exhibit A.

4. Now that the Rhode Island Judgment has been vacated, the Plaintiffs and the Defendants are desirous of vacating the registration of that judgment in this Court.

1

5.Rule 60(b)(5) of the Federal Rules of Civil Procedure provides in relevant part that a court may vacate a judgment when "the judgment has been … released or discharged" or "is based on an earlier judgment that has been … vacated." Fed.R.Civ.P. 60(b)(5).

6.Rule 60(b)(5) empowers this Court to vacate a judgment that was issued by a sister federal court and registered in this Court pursuant to 28 U.S.C. § 1963 where, as here, the original judgment has been vacated. *See e.g. Whitney Nat. Bank v. Stack*, 1992 WL 236920, at *3 (E.D. La. 1992) ("[R]emoval of foreign registrations is [not] particularly time consuming or cumbersome – if the [judgment debtors] prevail in their post-judgment motions or on appeal, they can simply file a motion in the foreign district for removal pursuant to Fed.R.Civ.P. 60(b)(5)."); *Sheridan v. 225 Broadway Co.*, 1989 WL 48416, at *2 (D.N.J. 1989) ("When, and if, [the judgment debtor] succeeds in quashing the entry of th[e] judgment [entered against him in the Southern District of New York], he may proceed here under Rule 60(b)(5)" to vacate the registration of that judgment in the District of New Jersey).

**WHEREFORE**, the instant motion should be granted.



Plaintiffs-Judgment Creditors,
by their Attorneys,

/s/ David Strachman
David J. Strachman
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Defendants-Judgment Debtors,
By their Attorneys,
/s/ Laura Ferguson
Laura Ferguson
Richard A. Hibey
Mark J. Rochon

Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701